# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| ALBERTO VASQUEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:15cv117 |
| KATHLEEN HAMILTON, ET AL. | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Alberto Vasquez, an inmate confined at the Montgomery County Jail in Conroe, Texas, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against Kathleen Hamilton, Darla Faulkner, and Matthew Brown.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

Liberally interpreted, plaintiff's complaint is construed as asserting that the defendants were participants in the criminal proceeding brought against him which led to his alleged wrongful conviction and imprisonment.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred in Conroe, Texas. Further, the defendants are all located in Montgomery County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Montgomery County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Montgomery County is located in the Houston Division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The claims should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this  14  day of        May            , 2015.

_____<br>KEITH F. GIBLIN<br>UNITED STATES MAGISTRATE JUDGE